UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **KIMBERLEY SCOTT** | : |
|     **Plaintiff,** | : |
| v. | : |
| **THE WALT DISNEY COMPANY AND FIDELITY WORKPLACE SERVICES, LLC** | :    August 24, 2018 |
|     **Defendants.** | : |

# COMPLAINT

## PARTIES

1. Plaintiff, Kimberley Scott, is a resident of Unionville, Connecticut with an address of 20 Morgan Place.

2. Defendant, The Walt Disney Company, is a Delaware corporation with a principal place of business located at 500 S. Buena Vista Street, Burbank, California.

3. Defendant, Fidelity Workplace Services, LLC is a Delaware limited liability corporation with a principal place of business located at 245 Summer Street, c/o Corporate Legal – MZZW9A, Boston, Massachusetts.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over the parties and the case in controversy pursuant to 29 U.S.C. § 1056, *et seq.*

5. Subject matter jurisdiction is based upon diversity of citizenship under 28 U.S.C. §1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Connecticut.

## FACTS

7. This lawsuit arises out of a divorce action entitled Kimberly Scott v. Stuart Scott, Docket No. HHD-FA04-4005987-S filed in the Judicial District of Hartford. Kimberley Scott was divorced from Stuart O. Scott on January 2, 2007. Stuart O. Scott was a prominent ESPN Sportscaster. Pursuant to the divorce decree, Stuart O. Scott was to turn over $162,899.04, plus interest, dividends, gains and losses from his Disney Savings and Investment Plan ("Disney Plan") 401k account to Kimberley Scott using a Qualified Domestic Relations Order ("QDRO") to make the transfer. On January 4, 2015, Stuart O. Scott died without ever complying with the herein stated provision of the divorce decree.

8. Upon Mr. Scott's death, all of his assets were bequeathed to and divested into the Stuart O. Scott Family Trust ("Trust") including the assets contained in his Disney Plan. On or about February 4, 2015, Fidelity Investments, the Administrator of the Disney Plan, permitted the Co-Trustees of the Trust to fill out rollover forms and take possession of the Disney Plan. Subsequently, the Co-Trustees rolled the 401k account under the Disney Plan, into another 401k account, in the name of the Trust and one of the Co-Trustees. All the while, via the divorce decree and QDRO, The Walt Disney Company and Fidelity Investments had notice of Kimberley Scott's interest in the Disney 401k Plan.

9. On September 22, 2015, the Hartford Superior Court approved the parties' QDRO which was signed by Stuart O. Scott's divorce attorney posthumously. When attempts were made on Kimberley Scott's behalf to obtain her share of the QDRO, Fidelity Investments ("Fidelity") advised that the funds had already been disbursed. Fidelity refused to provide any additional information regarding the recipient of the funds or the status of the Disney Plan account.

10. The combined actions of The Walt Disney Company and Fidelity Investments served to deprive Kimberley Scott of her share of the QDRO and the investment experience.

11.     Years later, Kimberly Scott has not been paid her court ordered interest in the Disney Savings and Investment Plan 401k as ordered in her Divorce Judgment, dated January 2, 2007.

**Count I:  Violation of 29 U.S.C. § 1056(d)(3)(H) et seq. of the Employee Retirement Income Security Act (ERISA)**

12. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 11 of the Complaint as if set forth herein.

13. Pursuant to 29 U.S.C. § 1132(a), et seq., a participant in or beneficiary of a plan may bring a civil action to enforce her rights under the plan.

14. Notwithstanding Plaintiff's entitlement to benefits under the terms of the Disney Plan, Defendants refused, failed or otherwise neglected to distribute to Plaintiff those sums directed to be paid in accordance with a duly issued QDRO and further refused, failed and neglected to provide Plaintiff with information which would assist her in securing the requested benefits.

15. Defendants actions were in violation of 29 U.S.C. § 1056(d)(3)(H) of the Employee Retirement Income Security Act (ERISA).

16. Based on the foregoing, Plaintiff has been damaged.

**Count II: Violation of 29 U.S.C. § 1056(d)(3)(A) of the Retirement Equity Act of 1984**

17. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13 of the Complaint as if set forth herein.

18. Defendants actions were in violation of 29 U.S.C. § 1056(d)(3)(A) of the Retirement Equity Act of 1984.

19. Based on the foregoing, Plaintiff has been damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants, jointly and severally, awarding:

a. Compensatory damages,

b. Reasonable attorney's fees and costs incurred in connection with this suit pursuant to 29 U.S.C. § 1132(g)(1), and

c. Such other and further relief as the Court deems just and proper.

                        THE PLAINTIFF,
                        KIMBERLEY SCOTT

                    By: /s/ Dori B. Hightower, Esq.
                        Dori B. Hightower, Esq. (ct27215)
                        Law Office of Dori B. Hightower, LLC
                        1127 High Ridge Road #309
                        Stamford, CT 06905
                        Telephone: 203.569.7444
                        Facsimile: 203.569.7445
                        dbhightower@dbhightowerlaw.com

## CERTIFICATION

I hereby certify that on August 24, 2018 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Dori B. Hightower